# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **DANIEL FORD**, | * |
| Plaintiff, | * |
| v. | *   Case No.: RWT 11-cv-3578 |
| **CITIBANK, N.A.** | * |
| Defendant. | * |

## MEMORANDUM OPINION

On November 2, 2011, Plaintiff Daniel Ford filed this action *pro se* in the Circuit Court for Prince George's County, Maryland against Defendant Citibank, N.A.  Compl.  Plaintiff alleges that Defendant committed acts of fraud and negligence, and violated an unnamed federal law.  *Id*.  Plaintiff seeks $7,000,000.00 in damages.  Defendant removed the action to this Court on December 13, 2011.  ECF No. 1

On December 20, 2011, Defendant moved to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  ECF No. 9.  On January 31, 2012, Plaintiff filed his opposition to the motion to dismiss, ECF No. 14, to which Defendant replied on February 17, 2012.  ECF No. 16.  On February 22, 2012, Plaintiff filed a motion to appoint counsel.  ECF No. 17. [1]  For the reasons discussed below, this Court will deny Plaintiff's motion to appoint counsel and grant Defendant's motion to dismiss.

### I.    Appointment of Counsel

Before discussing the factual background of this case, the Court will first address

---

[1] Surreplies are prohibited under Local Rule 105.  Accordingly, the Court will not consider Plaintiff's surreply, filed on March 28, 2012.

Plaintiff's motion to appoint counsel.

A federal district court's power to appoint counsel in civil actions under 28 U.S.C. § 1915(e)(1) is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. District Court*, 490 U.S. 296, 298 (1989). Where a colorable claim exists but the litigant has no capacity to present it, counsel should be appointed. *Id*.

Plaintiff raises several claims[2] against Defendant, and Plaintiff has included exhibits and cited case law in support of his arguments. *Id*. Upon careful consideration of the motions and previous filings by Plaintiff, the court finds that he has demonstrated the wherewithal to either articulate the legal and factual basis of his claims himself or secure meaningful assistance in doing so. The issues pending before the court are not unduly complicated and no hearing is necessary to the disposition of this case. Therefore, there are no exceptional circumstances that would warrant the appointment of an attorney to represent Plaintiff under § 1915(e)(1) and his motion will be denied.

## II.    Background

Plaintiff alleges that he is a personal, business, and merchant services customer of Defendant Citibank. Compl. at 1. Plaintiff maintains that around the first week of July 2011, he applied for a $100,000.00 line of credit with Defendant. *Id*. Plaintiff contends that one of Defendant's bankers, Juan Valdez, made numerous false statements concerning the status of

---

[2] The allegations are set forth more fully below.

Plaintiff's loan before informing Plaintiff that the loan was denied. *Id*. Plaintiff further alleges that the branch manager, Michael Freeman, informed Plaintiff on August 29, 2011, that Freeman "threw the [loan] application in the basket to be shredded." *Id*. Plaintiff also states that he filed a second loan application on August 29, 2011, to which Plaintiff has not received any response. *Id*. Consequently, Plaintiff contends that he is entitled to damages because Defendant acted fraudulently and negligently during the loan application process. *Id*. Additionaly, Plaintiff claims that Defendant violated unspecified federal laws. *Id*.

On December 20, 2011, Defendant filed a motion to dismiss for failure to state a claim upon which relief can be granted. ECF No. 9. Defendant contends that Plaintiff's one paragraph Complaint fails to supply the requisite supporting detail needed to satisfy the heightened pleading standard for allegations of fraud under Federal Rule of Civil Procedure 9(b). *Id*. at 4. Additionally, Defendant contends that Plaintiff offered no detail to support the elements of a negligence claim and failed to reference the federal law that Defendant allegedly violated. *Id*. at 5-6.

On January 31, 2012, Plaintiff filed his opposition to Defendant's motion to dismiss. ECF No. 14. In the response, Plaintiff offered new factual details, exhibits, and legal arguments, expanding upon his initial arguments in the Complaint. *Id*. On February 17, 2012, Defendant filed a reply, arguing that Plaintiff's new allegations are outside the pleadings and thus cannot cure the defects in the complaint. ECF No. 16 at 2.

**III.    Standard of Review**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a

claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "shown"—that the pleader is entitled to relief." *Id.* at 1950; *see also Simmons & United Mortg. & Loan Invest.*, 634 F.3d 754, 768 (4th Cir. 2011) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege enough facts to state a claim to relief that is plausible on its face.") (quotation and emphasis omitted).

A court must consider all well-pleaded allegations in a complaint as true, *see Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe factual allegations in the light most favorable to the plaintiff. *See Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005). Nevertheless, a court is not required to accept as true "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), conclusory allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979), or "allegations that are merely conclusory, unwarranted deductions of fact or unreasonable inferences." *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (internal quotation marks omitted). "'Thus, in reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) a court must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level.'" *Monroe v. City of Charlottesville*, 579 F.3d 380, 386 (4th Cir. 2009) (quoting *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009)).

**IV.   Analysis**

Plaintiff, in arguing that he in entitled to $7,000,000.00 in damages, appears to allege three claims for relief: fraud, negligence, and a violation of federal law. *See* Compl. at 1-2.

**A.   Fraud Claim**

Plaintiff first claims that he is entitled to damages as a result of the false statements made by some of the Defendant's employees. *Id.* at 1. In order to succeed on a fraud claim, a plaintiff must prove:

> (1) That the defendant made a false representation to the plaintiff, (2) that the falsity was either known to the defendant or that the representation was made with reckless indifference as to its truth, (3) that the misrepresentation was made for the purpose of defrauding the plaintiff, (4) that the plaintiff relied on the misrepresentation and had the right to rely on it, and (5) that the plaintiff suffered compensable injury result from the misrepresentation.

*Paramount Brokers, Inc. v. Digital River, Inc.*, 126 F. Supp. 2d 939, 946 (D. Md. 2000) (quotation omitted). "In order to constitute a false representation, a statement must be a misrepresentation of material fact. It cannot be an estimate or opinion or puffing." *Parker v. Columbia Bank*, 91 Md. App. 346, 359-60 (1992) (quotations omitted). Under Maryland law, "fraud exists only when the speaker had (1) an intent to defraud and (2) knowledge that his statement was false at the time that it was made." *Paramount Brokers, Inc.*, 126 F. Supp. 2d at 950 (citations omitted).

Claims of fraud are subject to heightened pleadings standards under Fed. R. Civ. P. 9(b). *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783–84 (4th Cir.1999). Under Rule 9(b), "a party must state with particularity the circumstances constituting the fraud or mistake." Fed. R. Civ. P. 9(b). Indeed, "[p]articularity of pleading is required with regard to the time, place, speaker and contents of the allegedly false statement, as well as the manner in which

5

the statements are false and the specific facts raising an inference of fraud." *In re Acterna Corp. Sec. Litig.*, 378 F. Supp. 2d 561, 570 (D. Md. 2005).

According to the Plaintiff, Juan Valdez made "numerous false statements regarding the status of [the] loan" and told Plaintiff that the loan was denied when the loan was actually discarded. Compl. at 1-2. Beyond these allegations, Plaintiff fails to offer any factual allegations relating to his reliance on Valdez's statements, nor has Plaintiff alleged that Valdez's statements were made with the purpose of defrauding Plaintiff. Additionally, Plaintiff failed to allege any details to suggest that Valdez knew that the statements were false or that Valdez was recklessly indifferent as to the truth. Further, Plaintiff offered no allegations relating to how these statements resulted in damages, beyond claiming that the Defendant's acts "cost me years of damages as well as damages to many of my business partners." *Id*. at 2. Thus, Plaintiff has failed to meet the Rule 9(b) pleading standard for fraud, and the motion to dismiss will be granted on this claim.

### B. Negligence Claim

Plaintiff also contends that he is entitled to damages as a result of the Defendant's negligent conduct. *Id*. at 2. In order to state a negligence claim, the plaintiff must allege the following: "(1) that the defendant was under a duty to protect the plaintiff from injury, (2) that defendant breached that duty, (3) that the plaintiff suffered actual injury or loss, and (4) that the loss or injury proximately resulted from the defendant's breach of the duty." *Rosenblatt v. Exxon Co.*, 335 Md. 58, 76 (1994) (citation omitted). Indeed, "[t]he existence of a legally cognizable duty owed by the defendant to the plaintiff or a class of persons of which the plaintiff is a member is essential to a cause of action for negligence." *Id.* (citation omitted). Maryland courts have found that "[i]n essence, the determination of whether an actionable duty exists

represents a policy question of whether the specific plaintiff is entitled to protection from the acts of the defendant." *Blondell v. Littlepage*, 413 Md. 96, 120 (2010) (collecting cases).

Applying these principles, it is clear that Plaintiff's claim for negligence fails to demonstrate a claim upon which relief can be granted. Under Maryland law, a bank does not owe a fiduciary duty to a customer, absent an agreement to the contrary. *See Kuechler v. Peoples Bank*, 602 F. Supp. 2d 625, 633-34 (D. Md. 2009) (citations omitted). Plaintiff has failed to plead that Defendant breached or even owed a duty to Plaintiff. The parties were not in a contractual relationship, rather, Plaintiff was only applying for a line of credit. Defendant was under no duty to give Plaintiff a loan and thus the negligence claim cannot be cured by amendment. Further, Plaintiff has failed to allege any details regarding how the Defendant's conduct proximately caused Plaintiff's losses. Therefore, the negligence claim must be dismissed pursuant to Rule 12(b)(6).

### C. Violation of Federal Law Claim

Lastly, Plaintiff contends that Defendant's disposal of his loan application was a violation of federal law. Compl. at 2. Beyond this bald assertion, the Complaint does not identify what law Defendant has violated, nor has Plaintiff alleged how he has been damaged by Defendant's supposed violation. Such allegations, wholly lacking in factual or legal support, fail to meet the pleading standard under Fed. R. Civ. P. 12(b)(6). Accordingly, the motion to dismiss will be granted on this claim.

In Plaintiff's opposition to the motion to dismiss, Plaintiff sets forth new factual and legal arguments to support his complaint. *See* ECF No. 14. On a Rule 12(b)(6) motion to dismiss, the Court limits its review to the allegations set forth in the complaint. *E.I. du Pont de Nemours and Co. v. Kolon Industries, Inc.*, 637 F.3d 435, 449 (4th Cir. 2011) ("[S]tatements by counsel that

raise new facts constitute matters beyond the pleadings and cannot be considered on a Rule 12(b)(6) motion."). Thus, in determining Defendant's motion to dismiss for failure to state a claim, the Court does not consider Plaintiff's new arguments set forth in his response.

The court recognizes, however, that *pro se* plaintiffs should be afforded greater leeway in pleading matters before the court. *See De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003) (*pro se* pleadings should be construed liberally). When a complaint is deemed insufficient, "[t]he court should freely give leave [to amend] when justice so requires," *see* Fed. R. Civ. P. 15(a)(2), unless "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Steinburg v. Chesterfield County Planning Comm'n*, 527 F.3d 377, 290 (4th Cir. 2008). Futile amendments are those that cannot survive a motion to dismiss. *See Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995); *Frank M. McDermott, Ltd. v. Moretz*, 898 F.2d 418, 420-21 (4th Cir. 1990); *Classen Immunotherapies, Inc. v. King Pharms., Inc.*, 403 F. Supp. 2d 451, 459 (D. Md. 2005).

Because it is clear that Plaintiff cannot cure his claims of fraud and negligence by amending the complaint, this Court will grant Defendant's motion to dismiss for failure to state a claim with prejudice. Plaintiff's claim that Defendant violated federal law is not so facially inapplicable that an amended complaint would be futile. Therefore, the Court will grant Defendant's motion to dismiss for failure to state a claim with leave to file an amended complaint regarding the violation of federal law claim within twenty one days of the date of this opinion.

## V.    Conclusion

For the reasons discussed above, Plaintiff's fraud and negligence claims will be dismissed with prejudice and Plaintiff's claim alleging a violation of federal law will be dismissed without prejudice.  A separate order follows.


<u>June 20, 2012</u>                                                                   <u>            /s/                         </u>
Date                                                                                    Roger W. Titus
                                                                                        United States District Judge